**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Crim. No. 17-150** |
| | : | |
| TERELL CRUMP | : | |

---

Diamond, J.                                                                 May 20, 2025

## <u>MEMORANDUM OPINION</u>

In deciding whether Terell Crump's aggravated assault conviction is a Guidelines "crime of violence," I must puzzle through confounding jurisprudence respecting the Supreme Court's "categorical approach" to statutory construction. <u>United States v. Jenkins</u>, 68 F.4th 148, 155 (3d Cir. 2023) (acknowledging "bizarre result" after applying categorical approach); <u>see</u> <u>Descamps v. United States</u>, 570 U.S. 254, 260-61 (2013).

I stated at Crump's resentencing hearing that I would issue this Memorandum to explain my decision more fully.  (<u>See</u> Doc. No. 149 at 4:20-22.)  Because understanding the issues addressed here requires some familiarity with analogous Guidelines and statutory "crime of violence" provisions, I have appended those provisions to this Memorandum.

### I.  HISTORY

Crump was charged after he posted an online video of himself firing a gun "out the window of a rowhome in a densely populated Philadelphia neighborhood." <u>United States v. Crump</u>, No. 22-3379, 2023 WL 7297334 at *1 (3d Cir. Nov. 6, 2023).  He pled guilty to one count of being a felon in possession of a firearm.  18 U.S.C. § 922(g); (Doc. No. 18).  Crump had prior felony convictions for robbery (18 Pa. C.S. § 3701(a)(1)(ii)) and aggravated assault (18 Pa. C.S. § 2702(a)(3)) (attached).  (Doc. No. 96 at 2-3.)  Probation categorized both as "crimes of violence" under the Guidelines (which define a crime of violence as one involving the use of physical force).

U.S.S.G. § 4B1.2(a)(1) (attached); (Doc. No. 96 at 2-3). This increased Crump's Guidelines offense level by twelve points: eight for the robbery, and four for the assault. Crump, 2023 WL 7297334, at *1; U.S.S.G. § 2K2.1(a)(2) (attached).

At Crump's 2022 sentencing, I agreed that his prior felonies were crimes of violence. (Doc. No. 96 at 2-8.) With these and other enhancements and a level IV criminal history, Crump faced an advisory Guidelines range of 121-151 months imprisonment. (Doc. No. 93 at 32:15-16.) The then-statutory maximum was 120 months, which I imposed. (Id. at 32:17-19, 48:4-7.)

On direct appeal, the Third Circuit ruled that because aggravated assault can be committed by an act of "omission," it is not a crime of violence. Crump, 2023 WL 7297334, at *2 (citing Jenkins, 68 F.4th at 455). The Court remanded for resentencing in light of Crump's now-lowered 84-105 months Guidelines range. See id. at *3. Before Crump's resentencing, however, the Supreme Court held that even though an analogous statute could be violated by an act of omission, such a violation would be a crime of violence. See Delligatti v. United States, 145 S. Ct. 797 (2025). Accordingly, at resentencing, I ruled that because under Delligatti Crump's aggravated assault conviction was for a crime of violence, his Guidelines range had not changed. (Doc. No. 149 at 6:20-25.) I thus reimposed the original 120-month sentence. (Doc. No. 145.) I also explained that even if I were obligated to apply the lowered Guidelines range, I would vary upward to 120 months in light of Crump's atrocious prison record. (Doc. No. 149 at 22:6-12.)

## II.    **DELLIGATTI**

I calculated Crump's original Guidelines offense level applying an enhancement because his § 2702(a)(3) aggravated assault conviction involved the use of physical force. (Doc. No. 96 at 7-8.) The Pennsylvania Supreme Court subsequently advised, however, that aggravated assault under 18 Pa. C.S. § 2701(a)(1) (attached) "does not require the actor to exercise physical force."

2

United States v. Harris, 289 A.3d 1060, 1061 (Pa. 2023). The Court reasoned that an act of omission—for instance, causing injury to another by starvation—could constitute an aggravated assault. Id. at 1071. The Jenkins Court applied this reasoning to the similarly-worded § 2702(a)(3), holding that this provision "can also be violated by omission," "so it is not a 'violent felony'" under the Armed Career Criminal Act. 68 F.4th at 152, 153; 18 U.S.C. § 924(e)(2)(B)(i) (attached). Applying Jenkins, the Crump Court ruled that the term "violent felony" "receives the same meaning as the term 'crime of violence'" in the Sentencing Guidelines. Crump, 2023 WL 7297334, at *2; see also Jenkins, 68 F.4th at 151 n.3; U.S.S.G. § 4B1.2(a)(1) (attached).

It was impermissible, under the Supreme Court's categorical approach, to determine whether Crump had violated § 2702(a)(3) by an act of violence simply by looking at the facts underlying his aggravated assault conviction. Accordingly, the Crump Court ruled that under Jenkins, the statute was overbroad: i.e., that Crump could have violated § 2702(a)(3) without committing an act of violence. See Crump, 2023 WL 7297334, at *2. In these circumstances, the Guidelines enhancement (for having a second prior conviction for a crime of violence) did not apply. Id. The Court thus remanded for resentencing under the lowered Guidelines range now mandated by Jenkins. Id.

Delligatti impugned the continuing viability of Jenkins, however. The Delligatti Court held that, as used in 18 U.S.C. § 924(c)(3)(A) (attached), "the 'use' of 'physical force' . . . encompasses the knowing or intentional causation of bodily injury. There is no exception to this principle when an offender causes bodily injury by omission rather than affirmative act." 145 S. Ct. at 805. Delligatti thus effectively overruled Jenkins. Compare Jenkins, 68 F.4th at 154 ("Section 2702(a)(3) . . . can be violated by omission as a matter of state law. And under our binding precedent, an omission cannot constitute the use of physical force.") with Delligatti, 145

S. Ct. at 810 ("The knowing or intentional causation of injury or death, whether by act or omission, necessarily involves the use of physical force against another person.").

On remand, the Parties did not dispute that Guidelines' "crime of violence" provision is the same as the provision construed in Delligatti.  Compare U.S.S.G. § 4B1.2(a)(1) (attached) with 18 U.S.C. § 924(c)(3)(A) (attached); see also United States v. Wilson, 880 F.3d 80, 83 (3d Cir. 2018) (interpreting the two analogously).  Accordingly, at his resentencing, Crump acknowledged that after Delligatti, § 2702(a)(3) could be violated by an act of omission.  (See Doc. No. 139 at 3-4.)  He nonetheless argued that I was obligated to apply the lower Guidelines range and resentence him because § 2702(a)(3) was overbroad on other grounds.  (Id.)

## III.    BATTERY

Crump argued at resentencing that because § 2702(a)(3) "can be violated by offensive touching and/or common law battery" that "does not require the use of physical force to result in a conviction," it is categorically overbroad.  (Id.); see also Johnson v. United States, 559 U.S. 133, 139 (2010) (common law battery "satisfied by even the slightest offensive touching").  The Jenkins Court took "no view on whether [§ 2702(a)(3)] can be violated by a mere offensive touching."  68 F.4th at 152 n.5.  I rejected Crump's argument because he could not show a realistic probability that Pennsylvania prosecutes common law batteries under § 2702(a)(3) that do not involve the infliction of pain or injury.  (Doc. No. 149 at 5:24-6:2.)

Like the other provisions I have discussed, the Guidelines define a "crime of violence" as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another."    U.S.S.G.  §  4B1.2(a)(1)  (attached);  see also  18 U.S.C.  §§  18 U.S.C. 924(c)(3)(A), (e)(2)(B)(i) (attached).  "[T]he 'use of physical force' in § 4B1.2(a)(1) involves the 'intentional employment of something capable of causing physical pain or injury to another person,

regardless of whether the perpetrator struck the victim's body.'" United States v. Quinnones, 16 F.4th 414, 417 (3d Cir. 2021) (citation omitted). To show that § 2702(a)(3) is overbroad, Crump had to establish "'a realistic probability, not a theoretical possibility, that the State would apply [§ 2702(a)(3)] to conduct' falling outside of the Guidelines' definition of a crime of violence." United States v. Ramos, 892 F.3d 599, 606 (3d Cir. 2018) (quoting Moncrieffe v. Holder, 569 U.S. 184, 191 (2013)). He thus must have shown a realistic probability that § 2702(a)(3) is used in the Commonwealth to prosecute offenses that cannot cause physical pain or injury.

Crump did not make this showing. Rather, he argued that "[t]he realistic-probability test does not apply to this case." (Doc. No. 142 at 2.) Although the Jenkins Court deemed the test inapplicable to § 2702(a)(3), that is because the Court also held that the statute did not "clearly overlap" with the Guidelines' definition of a crime of violence. Jenkins, 68 F.4th at 154. As I have discussed, however, because Delligatti eliminates this distinction, the realistic probability test necessarily applies here.

Crump failed to show that § 2702(a)(3) can be violated by a common law battery that is not "capable of causing physical pain or injury." Cf. Quinnones, 16 F.4th at 417. Indeed, such a construction would be inconsistent with the plain text of the statute, which includes the element "attempt[ing] to cause or intentionally or knowingly caus[ing] bodily injury." Crump offered scant supporting authority for his suggestion that there is a realistic probability prosecutors would so construe the statute as to read that element out of existence: a Common Pleas Court case where the defendant pled guilty to aggravated assault for spitting on his victim; a non-precedential Superior Court decision where an inmate spat in the eyes and mouth of a police officer, causing the officer to undergo prophylactic HIV treatment that made him sick; and another non-precedential Superior Court decision where an HIV-positive defendant pled guilty to aggravated

assault for throwing urine on a correctional officer. (Doc. No. 139 at 4 n.4, n.5; <u>see also</u> Doc. No. 140 at 23-25.) Because two of these cases are silent as to whether the victim suffered physical pain or injury, they do not show that the defendant was prosecuted for a mere offensive touching. (<u>See</u> Doc. No. 140 at 23-24.) In the case where the victim underwent debilitating prophylactic treatment, the court found that he "suffered actual bodily injury as a result of Appellant intentionally spitting into his face": the "preventive HIV treatment . . . caused him to be so ill he missed approximately six weeks of work." <u>Commonwealth v. Childs</u>, No. 1793 EDA 2010, 2013 WL 11279801, at *4, 5 (Pa. Super. Ct. Feb. 12, 2013).

Crump thus failed to make out a realistic probability that the Commonwealth would apply § 2702(a)(3) to conduct falling outside the Guidelines' definition of a crime of violence. Accordingly, I ruled that the statute is not overbroad.

## IV.    UPWARD VARIANCE

Finally, as I have discussed, under <u>Jenkins</u>, Crump's advisory Guidelines range would be 84-105 months imprisonment. (<u>See</u> Doc. No. 149 at 22:10-11.) At Crump's resentencing, after ruling that § 2702(a) is not overbroad, I noted that even if I were obligated to apply the lower range, I would vary upward and impose a 120-month sentence. (<u>Id.</u> at 22:6-12.) As I explained, since being incarcerated, Crump has committed twenty-four infractions for violations that include multiple assaults, refusals to obey orders, insolence, repeated incidents of indecent exposure, disruptive conduct, destroying property, drug use, and possession of a hazardous tool. (<u>See id.</u> at 19:10-16.) This "horrendous" record compelled me to conclude that 120 months (the statutory maximum at the time of Crump's offense) was a reasonable sentence. (<u>Id.</u> at 22:6-12); 18 U.S.C. § 3553(a).

V.    **CONCLUSION**

Even applying a categorical approach, under <u>Delligatti</u> Crump's aggravated assault conviction is a Guidelines "crime of violence."  In urging that the aggravated assault statute is nonetheless "overbroad," Crump asks me to nullify half the statute.  Finally, even if Crump's construction of the statute were correct—resulting in a lower Guidelines range—his appalling conduct in prison warranted an upward variance to the sentence I imposed.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.

## Appendix

**18 Pa. C.S. § 2702.  Aggravated assault.**

**(a)  Offense defined.--**A person is guilty of aggravated assault if he:

> (1)  attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
> . . .
> (3)  attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty[.]

**U.S.S.G. § 2K2.1**

**(a)** Base Offense Level (Apply the Greatest):

> . . .
> **(2)** 24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense;
> . . .
> **(4)** 20, if—

> > (A) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]

**U.S.S.G. § 4B1.2**

**(a)** Crime of Violence.—The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> **(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> **(2)** is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

**18 U.S.C. 924(c)**

**(1)**

> **(A)**     Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such

crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

    **(i)**

        be sentenced to a term of imprisonment of not less than 5 years;

    **(ii)**

        if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

    **(iii)**

        if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

. . .

**(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

    **(A)**

        has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    **(B)**

        that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

## 18 U.S.C. 924(e) (Armed Career Criminal Act)

**(1)**

    In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

**(2)** As used in this subsection—

    . . .

    **(B)** the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

        **(i)**

            has as an element the use, attempted use, or threatened use of physical force against the person of another; or

        **(ii)**

            is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]